UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marshall Ray Miller,    #249557, | ) C/A No. 3:11-1803-TLW-JRM |
| | ) |
| Petitioner, | ) |
| | ) Report and Recommendation |
| vs. | ) |
| | ) |
| Wayne McCabe, Warden of Lieber, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**Factual Background**

Petitioner is here with his third § 2241 petition in five years, seeking vacation of a federal detainer placed on his prison record with the South Carolina Department of Corrections (SCDC). As he did similarly in his two previous § 2241 cases in this Court, *see* Civil Action Nos. 3:06-2755-TLW-JRM; 3:08-2806-TLW-JRM, Petitioner claims that he fully completed his federal sentence because he served a few weeks (two or three) in federal custody in February and March of 2005, before federal officials discovered that he was mistakenly taken into their custody and should have been returned to state custody following his conviction on federal charges in Georgia. His federal sentence was to run consecutive with his state sentence. At the time of the federal conviction, Petitioner should have been serving a twenty-five-year state sentence that was entered

after he fled the jurisdiction during his criminal trial in Abbeville County, South Carolina. Once the federal officials realized the mistake, Petitioner was transferred to state custody, where he remains, and the federal detainer that is the subject of this case was placed in his SCDC records.

Insofar as his challenge to the federal detainer is concerned, Petitioner claims that the Double Jeopardy Clause of the Eighth Amendment to the United States Constitution (Double Jeopardy Clause) will be violated if he is forced to serve the remainder of his federal sentence at the end of his state sentence despite having been earlier released from federal custody when the mistake was discovered. There is no indication in the § 2241 Petition filed in this case that Petitioner has completed the exhaustion of his BOP administrative remedies with respect to his claim.

## Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case, *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement

of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). The Petition submitted in this case should be summarily dismissed.

**Analysis**

As previously stated, this is Petitioner's third attempt to have this Court remove the federal detainer that is currently in his SCDC records. This Court may take judicial notice of Petitioner's prior cases in this Court. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). Both of Petitioner's previous cases (in which he sought court orders holding that his federal sentence has already begun by virtue of the mistake made when he was erroneously placed into federal custody after pleading guilty in the United States District Court for the Southern District of Georgia) were summarily dismissed. In *Miller v. Burt*, Civil Action No. 3:06-2755-TLW-JRM, Petitioner filed a § 2241 action and sought a declaratory judgment that the petitioner's federal sentence was running concurrent to his South Carolina sentence. In a Report and Recommendation filed in Civil Action No. 3:06-2755-TLW-JRM, the undersigned recommended summary dismissal of the petition because: (1) the petitioner had not exhausted his BOP administrative remedies; (2) the petitioner could not obtain relief, pursuant to 28 U.S.C. § 2241, to change his federal sentence from consecutive to concurrent; (3) the petitioner could not obtain relief in mandamus; and (4) a declaratory judgment could not be obtained because the petitioner had an available remedy under 28 U.S.C. § 2255. The Report and Recommendation was adopted by the District Court over Petitioner's objections, and the

case was dismissed *without prejudice.* Petitioner's appeal (Fourth Circuit Docket No. 07-7423) was not successful. *See Miller v. Burtt*, 256 F. App'x 597 (4th Cir. 2007).

Thereafter, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 in the District Court for the Southern District of Georgia. The case was transferred to this Court for consideration on the merits as a § 2241 petition. Civil Action No. 3:08-2806-TLW-JRM . Once again, Petitioner requested that this Court declare that his federal sentence was running concurrently to his state sentence even though the United States District Court for the Southern District of Georgia specifically pronounced the federal sentence to be consecutive to his South Carolina sentence. Following review of the pleading, which contained similar allegations to those previously considered in Civil Action No. 3:06-2755-TLW-JRM , the undersigned recommended summary dismissal of the petition for the same reasons that the previous petition was dismissed: lack of BOP exhaustion; Petitioner's lack of "clean hands" due to his escape from South Carolina custody and then re-offending in Georgia, resulting in the federal conviction and pending sentence; and the fact that Petitioner was not then "in custody" on the federal charge so no changes could be made to it. The Report and Recommendation was adopted by the District Court over Petitioner's objections and the case was dismissed without prejudice. Petitioner's appeal (Fourth Circuit Docket No. 09-6004) was not successful. *See Miller v. United States Attorney General,* 325 F.App'x 252 (4th Cir. 2009).

This case is subject to summary dismissal for the same reasons that Civil Action Nos. 3:06-2755-TLW-JRM and 3:08-2806-TLW-JRM were subject to summary dismissal.   As the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files
> and records and it had no duty to grind the same corn a second time.
> Once was sufficient.

4

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

Although Petitioner now asserts that he would be subjected to "double jeopardy" if required to return to federal custody at the end of his state sentence, this argument amounts only to a distinction without a difference insofar as the similarities between the Petition filed in this case and those filed in his previous cases is concerned. Assuming this is a "new" argument, it also fails to require vacation of the federal detainer against Petitioner's state records. As a general rule, the United States Attorney General, through the BOP, is required to give credit toward a federal sentence for any time spent by a prisoner serving that sentence, regardless of whether or not that time in federal custody was later determined to have been prematurely served, as here. The computation of federal sentences is governed by 18 U.S.C. § 3585, which provides:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3568. Accordingly, once Petitioner ends his state sentence and is taken into federal custody, he will receive credit toward his federal sentence for all the time he was in federal custody on the federal charges. More to the point, the Double Jeopardy Clause merely prohibits multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). Since

Petitioner was sentenced by South Carolina state authorities for a methamphetamine-related offense committed in 2002 and by the Southern District of Georgia for being a felon in possession of a firearm in 2004 (completely different crimes committed two years apart), his Double Jeopardy argument fails. In other words, since Petitioner has not been, and will not be, subjected to multiple punishments for the same offense, the maintenance of the federal detainer in his SCDC records fails to implicate the Double Jeopardy Clause, and Petitioner is not entitled to relief on the basis of this claim.

Moreover, as was discussed in connection with his two prior cases, Petitioner is entitled to no relief from the federal detainer because he is in a *Whittlesey*[1]-type situation of his own doing. He fled South Carolina during his trial in the Court of General Sessions for Abbeville County. After reaching Georgia, he committed other crimes, which gave rise to the federal charge in Georgia. Many state and federal courts apply the doctrine of "fugitive disentitlement" until the escapee is brought back to the jurisdiction from which he or she escaped. For example, several prisoners who have escaped from prisons or jails in South Carolina in the past have asked this court to collaterally review their convictions under 28 U.S.C. § 2254, even though they, by escaping and committing crimes in other jurisdictions (state and federal), made it impossible for the courts of South Carolina to review their alleged claims for federal relief so as to satisfy the exhaustion requirement now embedded in the federal habeas corpus statute, 28 U.S.C. § 2254(b). *See Fowler v. Leeke*, 509 F. Supp. 544, 545-46 (D.S.C. 1979); *see also Lanier v. United States*, 123 F.3d 945, 946 (6th Cir. 1997) ("Pursuant to this doctrine of fugitive disentitlement, we have dismissed the direct appeals of defendants who have fled the jurisdiction during an appeal and remained at large.").

---

[1]*See Whittlesey v. Circuit Court for Baltimore County*, 897 F.2d 143 (4th Cir. 1990).

The United States Court of Appeals for the Fourth Circuit has also addressed issues relating to habeas corpus actions filed by escapees who commit crimes in other jurisdictions after their escapes. *Whittlesey v. Circuit Ct. for Baltimore County*, 897 F.2d 143 (4th Cir. 1990). In *Whittlesey*, the court, addressing a Florida prisoner's claim that his Florida sentence would long postpone his opportunity to get to Maryland for a state proceeding to file a collateral attack upon his armed robbery conviction, pointed out that the doors of the courts of Maryland were open for the petitioner, and that his inability to enter through those doors until completion of his Florida sentence was the price he must pay for having escaped from a Maryland prison and subsequently committing crimes in Florida:

> Whittlesey's arguments are without merit. He fails to appreciate that the difficulties he is encountering in obtaining habeas relief are difficulties he has brought on himself by escaping from prison in Maryland and committing crimes in Florida. As a general matter, it is well-settled that a criminal defendant may not flout compliance with state procedures and look to federal courts to save him from the consequences of his actions. *See Reed v. Ross*, 468 U.S. 1, 13, 104 S.Ct. 2901, 2909, 82 L.Ed.2d 1 (1984); *Wainwright v. Sykes*, 433 U.S. 72, 89-90, 97 S.Ct. 2497, 2507-08, 53 L.Ed.2d 594 (1977). Here, Whittlesey cannot expect federal courts to rescue him from the consequences of his escape and subsequent commission of crimes.
>
> Whittlesey maintains that there are no state remedies available to him; however, this simply is not the case. The doors of the Maryland state courts stand open for him to present his complaints; that he is unable to enter through those doors until completion of his Florida sentence is the price he must pay for having escaped from the Maryland prison and committed offenses in Florida. It is his own criminal misconduct which has denied Maryland courts the opportunity to hold a hearing, develop a record, and thereby address his claims on the merits. We will not command the district court to review his habeas petition when his own unlawful acts have prevented the state courts from reviewing his claims.

897 F.2d at 145 (footnote omitted).

Finally, as he has been told previously, Petitioner cannot challenge the manner of execution of his federal sentence by way of this § 2241 because he has not exhausted his available administrative remedies under the Federal Bureau of Prison's (BOP) regulations. He cannot exhaust these remedies until he is actually placed back into federal custody. "Where a petition for writ of habeas corpus is brought pursuant to 28 U.S.C. § 2241, the exhaustion of administrative remedies is jurisdictional." *Hicks v. Jordan*, 165 F. App'x 797 (11th Cir. 2006). Section 2241 does not contain a statutory exhaustion requirement; the exhaustion rule is a judicially created requirement. *Id.* Thus, some courts have held that the judicial exhaustion requirement of § 2241 may be waived by courts for discretionary reasons such as where requiring exhaustion would be futile or inadequate to prevent irreparable harm. *Id; Rosa v. Fed. B.O.P.*, No. Civ. A. 06-1931(NLH), 2006 WL 2864637 (D.N.J. Oct. 3, 2006).

Assuming without deciding that Petitioner could argue that exhaustion should be waived in his case, this Court finds no valid reason to waive the BOP exhaustion requirement because it does not appear that petitioner faces irreparable harm or that exhaustion would be futile. The BOP needs the opportunity to correct its own alleged error and possibly grant relief to the petitioner, and the BOP needs to develop a factual record and apply its expertise to the situation. *See Moscato v. Fed. B.O.P.*, 98 F.3d 757, 761 (3d Cir. 1996) (explaining the three reasons to require exhaustion). Accordingly, the § 2241 Petition should be dismissed without prejudice for failure to exhaust administrative remedies through the BOP.

## **Recommendation**

It is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed

*without prejudice*.  Petitioner's attention is directed to the important notice on the next page.

                                                    Joseph R. McCrorey
                                                    United States Magistrate Judge

September 30, 2011
Columbia, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).